Ember S. Tilton, *Esq.*
Law Office of Ember Tilton
217 W. Fourteenth Ave. #2
Anchorage, Alaska 99501
ember@tiltonlaw.us
(907) 274-0930

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| GLEN HAMILTON III, | ) | CIVIL ACTION NO: |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| Supt. EARL HOUSER, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Dr. ERIC NIMMO, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| JANE DOES, | ) | |
| | ) | |
| JOHN DOES, | ) | |
| Defendants. | ) | |

NOW COMES Mr. Glen Hamilton III, by and through his attorney, Ember S. Tilton, and hereby requests a trial by jury for civil damages for injuries he sustained as a result of acts and omissions of the above named defendants and for violation of his liberties guaranteed by the Constitution of the United States of America.

In support, Mr. Hamilton alleges the following:

### JURISDICTION & VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3). Mr. Hamilton seeks damages under 42 U.S.C. § 1983 for violations of Mr. Hamilton's rights under the Constitution of the United States.

2.  This Court may award attorney's fees under 42 U.S.C. § 1988.

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as it is the judicial district in which a substantial part of the events occurred.

## PARTIES

4. Mr. Hamilton is a resident of Alaska and a citizen of the United States.

5. Defendant Houser was at all relevant times employed as the Superintendent of Goose Creek Correctional Center (hereinafter GCCC), a prison owned and operated by the State of Alaska.

6. Defendant Nimmo worked as a physician providing care to inmates at GCCC at all relevant times, under employment or contract with the State of Alaska.

7. John and Jane Does are currently unknown state actors who participated in the acts or omissions that gave rise to the causes of action or harm underlying this complaint.

8. Defendants at all relevant times acted under color of state law by exercising governmental authority for the State of Alaska.

9. This suit is brought against all Defendants as individuals.

## FACTS

10. On March 27, 2018, Mr. Hamilton was involved in a serious motor vehicle collision involving several vehicles and two fatalities.

11. Mat-Su Regional Medical Center treated Mr. Hamilton for injuries to his ankle, leg, and neck sustained in the accident.

12. These ankle and neck injuries were described as a "fractural dislocation of the ankle with displaced distral fibular diaphyseal fracture with 20 degrees of apexmedial angulation" and "posterior malleolar fracture with comminution and multiple bone fragments near the tip of the medial malleolus and medial to talar dome."

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

13. Additionally, his talus was dislocated and angulated with distal fibula. In laymen's terms his ankle was shattered and he sustained broken bones throughout his leg.

14. Hours following Mr. Hamilton's initial emergency room treatment, law enforcement insisted on taking him into custody due to an outstanding warrant, but the doctors were hesitant to release him in his condition.

15. After consulting with Dr. Eric Nimmo at GCCC, Mat-Su Regional agreed to discharge him to law enforcement custody.

16. Dr. Alter at Mat-Su Regional had recommended that Hamilton be kept overnight for surgery, but instead discharged him on the prompting of state officials.

17. Dr. Alter permitted the discharge based on the assurances of Dr. Nimmo.

18. Dr. Alter's discharge order required Mr. Hamilton to see an orthopedic surgeon the next day.

19. However, once at GCCC, Mr. Hamilton saw no surgeon and his medical treatment lacked such attention that a week later his ankle developed skin necrosis.

20. Within a week of arriving at GCCC, Mr Hamilton's wound began itching and stinging, he ran a fever and felt nauseous, but Dr. Nimmo did not take the time to see his wound properly cleaned, nor did he, or any doctor, check up on him at all.

21. During this time, Mr. Hamilton complained of these complications at GCCC, but his complaints were ignored.

22. On or before April 4, 2018, Mr. Hamilton's cast was removed to check on the wound and rotting flesh called necrosis was discovered.

23. At this time, Defendant Dr. Nimmo ordered Mr. Hamilton's emergency evacuation back to Mat-Su Regional Medical for follow-up surgery.

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

24. On April 4, 2018, at Mat-Su Regional Medical, Dr. Gagnon performed surgery for debridement and on April 13, 2018, Dr. Ander performed fixator removal with open reduction and internal fixation surgery on the pilon and his fibular and Dr. Gagnon performed skin grafts.

25. This time Mr. Hamilton was kept in the hospital longer for his follow-up surgeries.

26. Mr. Hamilton's leg has required multiple follow-up visits and surgeries to address the medical problems created by the necrosis and lack of timely debris removal.

27. Had Mr. Hamilton received adequate medical attention, no necrosis or infection would have developed.

28. Mr. Hamilton has permanent scarring from the skin graph that would not have been necessary had he received timely medical care as recommended by Dr. Alter.

29. Mr. Hamilton suffered addition injury due to the necrosis and late debridement which caused severe and needless pain, and extended Mr. Hamilton's temporary disability, the inability to walk, for months longer than necessary.

30. Further, it is expected that Mr. Hamilton will have some permanent loss of mobility which could have been avoided had he not lost muscle tissue to necrosis.

## **VIOLATION OF EIGHTH AMENDMENT RIGHTS**

31. Paragraphs 1 through 30 are hereby incorporated by reference.

32. The Eighth Amendment of the United States Constitution grants Mr. Hamilton the right to be free from cruel and unusual punishment.

33. Defendant Nimmo demonstrated deliberate indifferences to Mr. Hamilton's serious medical needs, when he ordered Mr. Hamilton be taken to GCCC, and failed to provide Mr. Hamilton adequate medical attention.

34. Defendant Houser demonstrated deliberate indifference towards Mr. Hamilton's medical needs when he permitted Mr. Hamilton to go without timely medical attention.

35. Defendant Nimmo demonstrated deliberate indifference towards Mr. Hamilton's medical needs when he refused to recommend timely medical attention Mr. Hamilton when he should have known it was necessary to avoid serious bodily injury.

36. Defendant Nimmo knowingly delayed medical treatment for Mr. Hamilton.

37. Defendants' conduct delaying medical treatment caused Mr. Hamilton to suffer cruel and unusual punishment by causing him severe pain and permanent injuries as a part of his prison sentence.

38. Defendants' conduct violated Mr. Hamilton's Eighth Amendment rights.

39. Defendants' conduct was the direct and proximate cause of Mr. Hamilton's injuries.

40. Defendants' actions and omissions caused Mr. Hamilton to sustain serious bodily injury, disability, pain, and suffering.


## DEMAND FOR RELIEF

WHEREFORE, Mr. Hamilton demands the following relief:

a. Compensatory damages including but not limited to physical pain, bodily injury, disability, loss of enjoyment of physical activity and mobility, and emotional suffering as deemed just and reasonable;

b. Punitive damages;

c. Attorney's fees pursuant to 42 U.S.C § 1988; and

d. Costs, interest, and further relief as this Court may deem just and reasonable under the circumstances.

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

## **DEMAND FOR JURY TRIAL**

Mr. Hamilton hereby demands a trial by jury as to all issues.

Executed at Anchorage, Alaska this 16th day of July, 2019:

Respectfully submitted,

GLEN HAMILTON III

By: /s/ Ember S. Tilton
EMBER S. TILTON, Esq.
Counsel for Plaintiff,
Ak Bar No. 1605041

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us